In the Matter of the Claim of Francesco Rodriguez, Respondent, against New York Dock Company, Appellant. State Industrial Board, Respondent. — This is an appeal from an award made by the State Industrial Board for disability compensation covering the period from December 6, 1934, to September 28, 1937. The employer was engaged in the business of warehousing and the claimant was employed as a coal passer. On October 19, 1932, the claimant was engaged in his regular occupation and while descending a flight of stairs, carrying a heavy tank, weighing about 150 pounds, he slipped and in an effort to prevent himself from falling strained the lumbo-sacral region of his back and in consequence suffered a fracture of the left transverse process of the fifth lumbar vertebra and a compression fracture of the body of the fifth lumbar vertebra. These fractures were not discovered for a considerable length of time and as a result of said accidental injuries and the natural and unavoidable consequences flowing therefrom, the claimant was caused to suffer from dementia praecox and a resultant permanent disability. Compensation was paid until December 6, 1934, which is the beginning date of the present award on appeal. Dr. Sands was called as a witness and a long hypothetical question was put to him covering several pages and taking in the entire history of the accident and the treatment and the condition of the claimant. The referee, after this question, asked: " Q. Your opinion, then, Doctor, is that the accident in this case and the train of events precipitated by the accident is the cause of inducing the present disability? A. Yes." During the course of this man's disability from the accident the employer recognized that claimant was disabled at times and he was examined

by a great many doctors. At times representatives of the employer refused to give him compensation unless he returned to work. Claimant was in dire want and there was a long litigation. He was without compensation and was on relief. He was called a faker and on one occasion the employer's physician pushed the claimant and charged him with being a faker; said there was nothing wrong with him. Claimant's condition afterwards was greatly aggravated and he suffered increased severe pains. After the original injuries and following the aggravation of his injuries the claimant brooded, was melancholy over his injuries and his inability to work and was very unhappy and thought he was going to die. He was unable to do any work, even to the extent of helping his wife. No awards were made from November 20, 1933, to December 6, 1934. He was involved in litigation over his claim and being examined. The award covers the period of November 30, 1933, to December 6, 1934, and he was not paid until February, 1936. No payments were given to the claimant, and his family, consisting of his wife and four infant children, were required to obtain home relief and were living on charity. On one occasion it was necessary for them to burn their furniture in order to warm the house. It is undisputed that the claimant for a period of several years prior to his accident had been a steady worker for the employer, that his wages were at least twenty-four dollars a week and at times in excess of this sum. His condition became worse and on February 8, 1935, he attempted to commit suicide by inhaling gas and when he was discovered he displayed violent symptoms. He was taken to the Kings County Hospital and he was in the Creedmoor Hospital. Upon the foregoing facts and circumstances Dr. Sands was definitely of the opinion that the accidental injuries and the train of events following said injuries precipitated and resulted in the condition of dementia praecox which disabled the claimant. The evidence in the record amply supports the findings of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.