In the Matter of the Claim of SAMUEL CHERNIN, Respondent, against PROGRESS SERVICE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 13, 1959.

*John H. Roberts* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Edward A. Bailey* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Jules Berg* for respondent.

HERLIHY, J. Claimant, a New York City taxi driver, on December 7, 1954 was involved in an automobile accident when a pedestrian darted in front of and came in contact with his cab. Pedestrian fell to the pavement and was removed to the hospital in an unconscious state. The claimant suffered no physical injuries. As part of police investigation at the scene, he was asked for his license, became abusive and created " quite a disturbance ". A hearing was held in January at which he was reprimanded but his " hack " license was not revoked. He filed various reports concerning the accident with the Motor Vehicle Bureau and other agencies. He continued working regularly from the date of the accident until January 10, 1955 and on the 17th of that month was admitted to Bellevue Hospital suffering from a mental condition. The brother of the claimant was appointed his committee and testified at the hearing concerning changes in his personality which he noticed subsequent to the accident. Witnesses associated with the employer testified as to the personality of the claimant before the date of the accident and that they noticed nothing unusual or different subsequent thereto.

It is undisputed that immediately following the accident he was very upset.

There was, likewise, substantial medical testimony developed which created a question of fact as to the mental condition from which he suffered and its relation to the occurrence on December 7.

The problem with which we are confronted is one of law. Is an occurrence arising out of and in the course of employment — in which there is no physical injury — which caused psychological trauma aggravating a dormant repressed schizophrenia and resulting in mental disability compensable under the provisions of the Workmen's Compensation Law? Or, to simplify the issue, is compensation payable for a mental injury precipitated by a mental cause?

The law is well settled that awards may be made for physical injuries resulting from mental causes (*Matter of Church* v.

*County of Westchester,* 253 App. Div. 859; *Matter of Wachsstock* v. *Sky View Transp. Co.,* 5 A D 2d 1028) and mental injuries resulting from physical causes. (*Matter of Rodriquez* v. *New York Dock Co.,* 256 App. Div. 875; *Matter of Chicklowski* v. *Hotel Syracuse,* 5 A D 2d 704; *Matter of Campana* v. *Hogan,* 7 A D 2d 815.)

The question here is novel as it apparently has not heretofore been decided by the courts. Larson on Workmen's Compensation Law has little text on the subject but cites a New Jersey case *Voss* v. *Prudential Ins. Co. of America* (187 A. 334) where a stenographer was called an "idiot" by a coworker, became upset thereby and subsequently was treated for a nervous spell. That court determined there was no accident arising out of and in the course of her employment.

While it may accurately be claimed the facts would be sufficient to sustain the board if the injury were of a physical nature, we find the present facts not compensable under the law. Heart cases come closest to the present situation where a pre-existing condition was aggravated but there has always been a physical reaction — damage to the heart — as distinguished from mental. Furthermore, the rule in heart cases has been extended with great liberality, but the happening of some external event in connection with the work and causing the heart condition has been required. (*Matter of Lesnik* v. *National Carloading Corp.,* 285 App. Div. 649, 651, affd. 309 N. Y. 958.)

We find nothing in the law that connotes purely excessive emotions — anger, grief or other mental feelings — unaccompanied by physical force or exertion can be the basis of an accident. The record here discloses that claimant became angry which resulted in an emotional strain and superimposed upon a pre-existing mental condition resulted in the claimant's disability.

It may logically be argued that claimant here is just as disabled as someone suffering from a physical disability. This we do not dispute but it does not, at present, constitute an accident as defined by the Workmen's Compensation Law. It is not within our province to decide otherwise.

The board in their memorandum decision conceded there was no "physical hurt" but the findings conclude he became emotionally disturbed as the result of questions by the police and that due to the emotional episode and psychological trauma he sustained an exaggeration of a pre-existing emotional disorder which resulted in schizophrenia, paranoid type.

For the reason herein stated, the finding of the board that it was an accidental injury within the provisions of the Workmen's Compensation Law should be reversed and the claim dismissed.

FOSTER, P. J., BERGAN, COON and REYNOLDS, JJ., concur.

Decision and award reversed and claim dismissed, with costs to the appellant.