Matter of Lewis v NYC Admin. for Children Servs. (2024 NY Slip Op 05254)

Matter of Lewis v NYC Admin. for Children Servs.

2024 NY Slip Op 05254

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-0279
[*1]In the Matter of the Claim of Monique Lewis, Appellant,
v
NYC Administration for Children Services, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brooklyn (Michael K. Gruber of counsel), for appellant.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed January 12, 2023, which ruled, among other things, that claimant did not sustain a compensable psychological injury and partially disallowed her claim for workers' compensation benefits.
On February 22, 2021, claimant, a social worker with child protective services (hereinafter CPS), was conducting a home visit when the family's dog charged at her, struck her in the chest and knocked her into the side of the house. Following the incident, claimant, who had been bitten and physically scarred from a dog attack in her youth, filed a claim for workers' compensation benefits alleging that she sustained an injury to her chest, was severely traumatized and had not been able to sleep. The self-insured employer accepted the portion of the claim alleging a traumatic injury to the chest. A Workers' Compensation Law Judge subsequently found prima facie medical evidence for posttraumatic stress disorder (hereinafter PTSD), anxiety and acute stress disorder but noted that claimant had not proffered prima facie medical evidence for a physical injury to her chest. Following a hearing, the Workers' Compensation Law Judge, among other things, established the claim for work-related psychological injuries consisting of PTSD, anxiety and acute stress disorder, set claimant's average weekly wage and awarded indemnity benefits. The employer sought administrative review, contending that claimant failed to meet her burden of demonstrating that the stress she experienced that caused her psychological injuries was greater than the stress experienced by similarly situated workers in the normal work environment. The Workers' Compensation Board, among other things, established that portion of the claim alleging a chest injury as the employer previously accepted the claim to that extent, but disallowed the claim for work-related psychological injuries involving PTSD, anxiety and acute stress disorder, reasoning that claimant experiencing a dog jumping on her while performing a home visit did not constitute psychological stress greater than the stress experienced by similarly situated CPS workers. Claimant appeals.
Claimant argues that the Board applied an incorrect standard to her claim alleging direct psychological injuries resulting from physical impact by requiring her to demonstrate that she sustained psychological stress greater than similarly situated CPS workers. We agree. "[O]nly accidental injuries arising out of and in the course of employment" are compensable under the Workers' Compensation Law (Workers' Compensation Law § 2 [7]). Generally, where a psychological injury is alleged to be caused by work-related stress, "a claimant must demonstrate that the stress that caused the claimed [psychological] injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [3d Dept 2017] [internal quotation [*2]marks and citations omitted]; see Matter of Anderson v City of Yonkers, 227 AD3d 63, 67-68 [3d Dept 2024]; Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283-1284 [3d Dept 2020]). As we have recently clarified, this standard applies to determine whether work-related stress that is alleged to have caused psychological injuries amounts to a workplace accident, such that the resulting injuries are compensable under the Workers' Compensation Law (see Matter of Anderson v City of Yonkers, 227 AD3d at 67-68; see also Workers' Compensation Law § 2 [7]). However, it has long been recognized that where a workplace accident is found to have occurred as a result of a physical impact/trauma, resulting physical and psychological injuries are both compensable, so long as the claimant establishes the causal connection between the accident and the alleged injuries (see Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 509 [1975]; Matter of Chernin v Progress Serv. Co., 9 AD2d 170, 172 [3d Dept 1959], affd 9 NY2d 880 [1961]; see also Matter of Loftus v New York News, 279 AD2d 657, 658-659 [3d Dept 2001]; Matter of Rackley v County of Rensselaer, 141 AD2d 232, 233-234 [3d Dept 1988], lv dismissed 74 NY2d 791 [1989]).
Here, the Board established a claim for a physical injury to claimant's chest based upon the dog jumping on her chest and knocking her into the side of the house. As claimant alleges that her psychological injuries resulted from that same physical impact that the Board found amounted to a workplace accident, the Board erred in requiring that she establish a separate workplace accident comprised of work-related stress to recover for her alleged direct psychological injuries (see Matter of Bordonaro v Genesee County Sheriff's Off., 148 AD3d 1507, 1509 n 2 [3d Dept 2017]; see also Matter of Anderson v City of Yonkers, 227 AD3d at 67-68). Rather, upon finding that a workplace accident had been established, the Board's inquiry was limited to whether claimant showed, through competent medical evidence, that there was a causal relation between the accident and the injury (see Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 509; Matter of Anderson v City of Yonkers, 227 AD3d at 70; Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1147 [3d Dept 2023]). Accordingly, the Board's decision is reversed, and the matter is remitted to the Board to examine whether a causal connection was established between the workplace accident and the alleged psychological injuries consisting of PTSD, anxiety and acute stress disorder.
Clark, J.P., Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.