Matter of Docking v Lapp Insulators LLC (2020 NY Slip Op 00201)





Matter of Docking v Lapp Insulators LLC


2020 NY Slip Op 00201


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528988

[*1]In the Matter of the Claim of Donald Docking, Respondent,
v
Lapp Insulators LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Dolce Panepinto, PC, Batavia (Kristin M. Allen of counsel), for Donald Docking, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed October 9, 2018, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment and awarded workers' compensation benefits.
In July 2017, claimant, a hazmat driver, sustained an unwitnessed fall while at work that caused a traumatic brain injury. At the time of the incident, claimant was outside of the stockroom loading a cart with boxes, shortly after which he was found by his coworkers on the floor, bleeding from a laceration on his head. According to claimant, he woke up in the hospital, where he remained for approximately two months, and does not have any memory of falling to the ground at work and injuring his head. He subsequently filed a claim for workers' compensation benefits, and his claim was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the Workers' Compensation Law § 21 presumption applied, that the employer failed to rebut that presumption and, therefore, that claimant sustained a work-related injury and was entitled to benefits. On administrative appeal, the Workers' Compensation Board affirmed, finding that the employer failed to produce substantial evidence to rebut the Workers' Compensation Law § 21 presumption and, therefore, claimant's injury arose out of and in the course of his employment. This appeal by the employer ensued.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1859 [2019] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Nov. 25, 2019]; see Matter of Ferrari v Darcon Constr. Inc., 170 AD3d 1392, 1393 [2019]; Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 [2016]). To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of a claimant's employment (see Workers' Compensation Law §§ 2 [7]; 10 [1]; Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321 [2018]; Matter of Deleon v Elghanayan, 159 AD3d 1244, 1245 [2018]). "Workers' Compensation Law § 21 (1) provides a presumption of compensability for accidents occurring during the course of employment which are unwitnessed or unexplained" (Matter of Babson v Finch Pruyn & Co. Inc., 25 AD3d 936, 937 [2006] [citations omitted]; see Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1070 [2017]; Matter of Wichtendahl v Arrow Bus Line, 307 AD2d 400, 401 [2003]). "To rebut this presumption, it was the employer's burden to provide substantial evidence to the contrary" (Matter of Babson v Finch Pruyn & Co. Inc., 25 AD3d at 937 [citations omitted]; see Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1185 [2017]; Matter of Oathout v Averill Park Cent. Sch., 142 AD3d 749, 750 [2016]).
Initially, there is no dispute that, because claimant was found injured on the ground at work with no witnesses to the incident, the presumption of compensability applies (see Workers' Compensation Law § 21 [1]; Matter of Browne v New York City Tr. Auth., 66 AD3d 1290, 1290 [2009]). The employer argues, however, that the statutory presumption was rebutted by its proof that claimant's injury resulted not from an accident associated with his job duties but, rather, from his preexisting cardiovascular condition. In support of its position, the employer presented the medical reports of Louis Medved, a neurologist who performed an independent medical examination of claimant in December 2017 and reviewed claimant's medical records. Medved reported that claimant has a "past medical history significant for atrial fibrillation for which he underwent cardioversion." Although Medved attributed claimant's loss of consciousness and resulting brain injury to his underlying cardiac condition, Medved acknowledged that when claimant was evaluated at the hospital following the incident, he was in normal "sinus rhythm."
Consistent with Medved's observation regarding claimant's normal sinus rhythm, Sara Connolly, a physician specializing in emergency medicine who presided over the emergency room when claimant was brought to the hospital and who diagnosed claimant with an intracranial hemorrhage, indicated that claimant's heartbeat and pulse were normal with regular rhythm and no murmurs. Connolly also noted that claimant's hematology and EKG test results were normal with no signs of heart damage and that, at the time he was evaluated in the emergency room, claimant was in sinus rhythm and not in atrial fibrillation. Although claimant's diastolic blood pressure at that time was mildly elevated, Connolly noted that such condition would be consistent with an intracranial injury. Connolly further opined that claimant's injuries were consistent with the type of fall that claimant experienced. The Board ultimately found Connolly more credible than Medved and concluded that Medved's testimony was unduly speculative and therefore insufficient to rebut the presumption under Workers' Compensation Law § 21. Given the record before us, and "[a]ccording appropriate deference to the Board's credibility determinations and resolution of conflicting evidence" (Matter of Pappas v State Univ. of N.Y. at Binghamton, 53 AD3d 941, 943 [2008]; see Matter of Rangasammy v Philips Healthcare, 172 AD3d at 1860), we find no reason to disturb the Board's determination that the employer failed to produce substantial evidence demonstrating that the accident was not work related (see Matter of Oathout v Averill Park Cent. Sch., 142 AD3d at 750; Matter of Babson v Finch Pruyn & Co. Inc., 25 AD3d at 937-938; Matter of Cargain v Poritzky's Meat Co., 58 AD2d 907, 907-908 [1977]; Matter of Schmitt v Bay Ridge Hosp., 277 AD 957, 957-958 [1950]; compare Matter of Wichtendahl v Arrow Bus Line, 307 AD2d at 401).
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.