Matter of Sarmiento v Empire Contr. of NY Corp. (2020 NY Slip Op 06426)





Matter of Sarmiento v Empire Contr. of NY Corp.


2020 NY Slip Op 06426


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

529901

[*1]In the Matter of the Claim of Nestor Sarmiento, Appellant,
v
Empire Contracting of NY Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Ginarte Gallardo Gonzalez Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (James U. Cavanagh of counsel), for Empire Contracting of NY Corp. and another, respondents.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed June 11, 2018, which ruled that claimant's injury did not arise out of and in the course of his employment.
Claimant, a construction worker, filed a claim for workers' compensation benefits contending that he sustained various work-related injuries after he fell approximately 15 to 20 feet from a scaffold. The employer and its workers' compensation carrier controverted the claim, and a Workers' Compensation Law Judge "reluctantly" established it for injuries to claimant's left hip, left knee, back and neck. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding that there was insufficient evidence to establish that claimant's injuries arose out of and in the course of his employment. This appeal by claimant ensued.
We affirm. "An injury is compensable only where it arises out of and in the course of the employment" (Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Kaplan v New York City Tr. Auth., 178 AD3d 1262, 1263 [2019]; Matter of Aldea v Damari Installations Corp., 172 AD3d 1852, 1853 [2019]). "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 909 [2020]; see Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1859 [2019], lv denied 34 NY3d 904 [2019]). Whether a compensable accident has occurred is a factual question to be resolved by the Board, and its determination will be upheld if supported by substantial evidence in the record as a whole (see Matter of Issayou v Issayuou Inc., 174 AD3d at 1277; Matter of Ferrari v Darcon Constr. Inc., 170 AD3d 1392, 1393 [2019]).
Although claimant testified that he sustained various injuries when he fell from a scaffold at work on December 9, 2015, the claim itself and the bulk of the medical records reflect an accident date of November 1, 2015.[FN1] When questioned on this point, claimant stated, "I wasn't really aware of the date" and provided no further explanation for the five-week discrepancy in this regard or why, as late as April 2016, he still was reporting that the accident occurred on November 1, 2015. Claimant's supervisor and a coworker acknowledged that they took claimant to a local clinic on December 9, 2015 after he complained of abdominal pain during his lunch break, but they disavowed any knowledge of an accident occurring at the jobsite on that date. Although the clinic records and subsequent X-ray reports make general references to claimant sustaining either a slip and fall or a fall at work, no dates or further details are provided, and the record does not contain evidence of ongoing medical treatment between December 2015 and March 2016, when claimant sought treatment at a local hospital.
Upon reviewing the Board's decision, it is apparent that the Board took the foregoing discrepancies into account and simply did not credit claimant's assertion that he fell from a scaffold and sustained certain injuries on December 9, 2015. We accord deference to that credibility assessment and, as a result, find substantial evidence in the record to support the Board's determination that claimant's injuries did not arise out of and in the course of his employment (see Matter of Rangasammy v Philips Healthcare, 172 AD3d at 1859-1860; Matter of Aldea v Damari Installations Corp., 172 AD3d at 1854; Matter of Ferrari v Darcon Constr. Inc., 170 AD3d at 1393-1394; Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018]). In light of this conclusion, the sufficiency of claimant's medical evidence regarding causal relationship need not be addressed. Claimant's remaining contentions have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the Board's decision indicates that an amended C-3 form was filed in May 2017 to reflect "a different accident date," the amended C-3 form is not included in the record on appeal.