Matter of Mendrok v New York City Tr. Auth. (2022 NY Slip Op 00702)





Matter of Mendrok v New York City Tr. Auth.


2022 NY Slip Op 00702


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

531914
[*1]In the Matter of the Claim of Marek Mendrok, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Hegge & Confusione, LLC, New York City (Michael Confusione of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 10, 2020, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a bus operator, filed a claim for workers' compensation benefits alleging that he sustained an injury to his back when the bus he was operating hit a large pothole. By claimant's account, this incident occurred at about 5:30 p.m. on September 25, 2018 at a specific intersection along his route. The employer controverted the claim and, at the hearing, played a portion of a DVD with surveillance footage from the bus on the day of the alleged incident; however, due to technical difficulties and time constraints, only the 15 minutes preceding the time of the alleged incident could be viewed, not the entire footage. At the conclusion of the hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) credited claimant's testimony regarding the incident and established the claim for a work-related injury to claimant's back. Upon administrative appeal, the Workers' Compensation Board reversed the WCLJ's decision, finding that the DVD surveillance footage, which the Board viewed in full, contradicted claimant's description of the event that allegedly caused the injury. Claimant appeals.
Initially, claimant's contention that the employer did not timely file an administrative appeal from the WCLJ's April 11, 2019 decision is belied by the record, which reflects that such application was filed on May 9, 2019, prior to the expiration of the 30-day time limit (see Workers' Compensation Law § 23). Furthermore, we are unpersuaded by claimant's contention that the entire DVD surveillance footage viewed by the Board constituted new or additional evidence not presented before the WCLJ. Although only a portion of the DVD surveillance footage was viewed at the hearing, the Board noted that the DVD — encompassing footage from 5:16 p.m. to 5:42 p.m. on the day in question — was filed with the Board on April 4, 2019, four days before the hearing, and it was that DVD, not the supplemental DVD filed after the hearing, that the Board was able to view in its entirety.
Turning to the merits, we find no reason to disturb the Board's conclusion that claimant did not establish a work-related injury. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330-1331 [2020] [internal quotation marks and citations omitted]; accord Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1859 [2019], lv denied 34 NY3d 904 [2019]). "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot [*2]be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d 1384, 1384-1385 [2020] [internal quotation marks and citations omitted]; see Matter of Aldea v Damari Installations Corp., 172 AD3d 1852, 1853 [2019]).
Claimant testified that, when the bus hit a large pothole, it caused him and the bus to bounce up and down. The DVD surveillance footage, however, showed an uneventful period of claimant operating the bus, with no traumatic or shifting movements consistent with his version of the incident. Rather, as noted by the Board, on the DVD surveillance footage, claimant did not appear to be in any distress and could be seen reaching, bending and twisting. The employer's general superintendent of safety and environmental management testified that, upon receiving the report of claimant's injury in April 2019, he drove to the intersection where claimant reported the incident had occurred but did not see a pothole. Notably, after being transported to the emergency room, claimant was diagnosed with degenerative arthritis of the lumbar spine, as opposed to a traumatic back injury.
The Board's decision is based upon an assessment of claimant's credibility and, contrary to claimant's contention, it is "[t]he Board [that] is the sole arbiter of witness credibility and [it] is not bound by the [WCLJ's] determinations in this regard" (Matter of Rangasammy v Philips Healthcare, 172 AD3d at 1860 [internal quotation marks and citations omitted]; see Matter of Aldea v Damari Installations Corp., 172 AD3d at 1854; Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013]). Deferring to the Board's credibility determinations, we find that substantial evidence supports the Board's finding that the evidence and testimony presented rebutted claimant's allegation that he sustained a work-related injury, and its determination denying claimant's request for workers' compensation benefits will not be disturbed. To the extent not specifically addressed, claimant's remaining contentions are without merit.
Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed. without costs.