Matter of Vasquez v Northstar Constr. Group Servs. Inc. (2022 NY Slip Op 03297)





Matter of Vasquez v Northstar Constr. Group Servs. Inc.


2022 NY Slip Op 03297


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

532665
[*1]In the Matter of the Claim of Christian Vasquez, Claimant,
v
Northstar Construction Group Services Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 30, 2020, which ruled, among other things, that claimant sustained an accidental injury arising out of and in the course of his employment.
Claimant, who performed demolition work for the employer, filed a claim for workers' compensation benefits alleging that he sustained an injury to his left ankle after he slipped and fell from a ladder at work.[FN1] The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, and the matter was continued. Following a hearing, an independent medical examination and the depositions of claimant's treating physicians, a Workers' Compensation Law Judge found that claimant sustained a work-related injury to his left ankle and awarded benefits. Upon administrative review, the carrier sought to, among other things, introduce certain documentary evidence. The Workers' Compensation Board declined to consider the additional materials tendered by the carrier, ruled that claimant sustained an accidental injury arising out of and in the course of his employment and upheld the award of benefits. This appeal by the carrier ensued.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1174 [2022] [internal quotation marks and citations omitted]; accord Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1275-1276 [2020]). An injury is compensable under the Workers' Compensation Law "only where it arises out of and in the course of the employment" (Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d 1384, 1384 [2020] [internal quotation marks and citations omitted]; see Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276). Where, as here, the underlying accident is unwitnessed, "Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment" (Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d at 1384 [internal quotation marks and citations omitted]; accord Matter of Mendrok v New York City Tr. Auth., 202 AD3d at 1174; see Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276). In order to rebut the statutory presumption, the employer must put forth substantial evidence to the contrary (see Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276; Matter of Hill-Chapman v Earlybird Delivery Sys., LLC, 130 AD3d 1223, 1224 [2015]).
Claimant, through an interpreter, testified that, shortly after beginning work on the morning in question, he was standing on a ladder cutting cables and/or sheetrock as part of his demolition work at the job site. As he descended the ladder, claimant slipped and fell to the ground — injuring his left leg and lower back. Claimant's fall was unwitnessed[*2], but there is no dispute that such fall occurred while claimant was at work. Indeed, claimant was transported via ambulance from the employer's premises to a local hospital and thereafter was diagnosed with a ruptured Achilles tendon — for which he eventually underwent a surgical repair. Although the carrier makes much of an apparent discrepancy as to the precise time that claimant's fall occurred, we agree with the Board that this issue is not dispositive and that the statutory presumption was properly applied in the first instance.
The carrier further argues, however, that claimant's explanation of the injury-producing event, as well as the medical evidence regarding causal relationship, is unworthy of belief because claimant injured his left ankle the day before the accident, was observed limping at work on the day of the accident and failed to disclose this prior injury to his treating physicians and the independent medical examiner. In this regard, claimant testified that he injured his left ankle while playing soccer the day before his accident at work but stated that his sports injury was not "anything bad or anything grave." Although claimant experienced some pain following this incident, he went home after playing soccer and reported to work the next day — where he was observed limping by one of his coworkers. The Board, as "the sole arbiter of witness credibility" (Matter of Rangasammy v Philips Healthcare, 172 AD3d 1858, 1860 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 904 [2019]; accord Matter of Aldea v Damari Installations Corp., 172 AD3d 1852, 1854 [2019]), credited claimant's testimony as to the impact of his soccer injury and concluded that the occurrence of such injury was insufficient to rebut the presumption of compensability.
The Board's conclusion in this regard was buttressed by the nature and severity of claimant's work-related injury. Each of the physicians who treated or evaluated claimant agreed that claimant suffered from a ruptured Achilles tendon in his left ankle/lower leg, and each physician was of the view that such injury was causally related to claimant's employment. That said, each physician also acknowledged that claimant did not disclose any prior injury to his left ankle — an omission that, according to the carrier, undermines the opinions offered as to causal relationship.
To be sure, we have no quarrel with the proposition that a medical opinion is only as good as the accuracy of the foundation upon which it is based. However, one of claimant's treating physicians unequivocally testified that claimant simply would not have been able to walk on the morning in question — much less climb a ladder and perform demolition work — if he had sustained "something as significant as a tendon rupture" while playing soccer the day before (compare Matter of Johnson v Borg Warner, Inc., 186 AD3d 1772, 1773 [2020]). The Board expressly credited this physician's testimony, effectively [*3]concluding that claimant could not have ruptured his Achilles tendon while playing soccer because the severity of that injury would have precluded claimant from reporting to work on the day in question. Additionally, and in the noted absence of any contrary medical testimony, the Board further found such testimony sufficient to establish the required causal relationship.
In light of the Board's "broad authority to make credibility determinations and to draw reasonable inferences from the record evidence" (Matter of Pilacik v JACSA, LLC, 161 AD3d 1463, 1465 [2018] [internal quotation marks and citation omitted]), we conclude that its findings are supported by substantial evidence and, as such, will not be disturbed. The carrier's remaining contentions, including its assertion that the Board abused its discretion in denying the carrier's request to submit additional documentary evidence in connection with the application for Board review, have been examined and found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the C-3 form filed by claimant indicated that he injured his right ankle, the record clarifies and otherwise reflects that the claimed injury was to claimant's left ankle.