Matter of Leon v Monadnock Constr. Inc. (2022 NY Slip Op 05125)

Matter of Leon v Monadnock Constr. Inc.

2022 NY Slip Op 05125

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

534352
[*1]In the Matter of the Claim of Francisco Leon, Claimant,
v
Monadnock Construction Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Goldberg Segalla, Rochester (Matthew J. DeMarco of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 21, 2021, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.
In February 2020, claimant, a construction worker, filed a claim for workers' compensation benefits alleging that, on January 30, 2020, he sustained work-related injuries to his right ankle, neck, shoulders and back when he fell from a scaffold at work. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim. Following hearings, an independent medical examination and the depositions of claimant's treating medical providers, a Workers' Compensation Law Judge established the claim, finding that claimant sustained accidental injuries to his right foot, lower back, right shoulder and neck that arose out of and in the course of his employment. Upon administrative review, the Workers' Compensation Board affirmed. This appeal by the carrier ensued.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1174 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1275-1276 [3d Dept 2020]). "An injury is compensable under the Workers' Compensation Law only where it arises out of and in the course of the employment" (Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d 1250, 1251 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of McGee v Johnson Equip. Sales & Serv., 184 AD3d 935, 935 [3d Dept 2020]). "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d 1384, 1384-1385 [3d Dept 2020] [internal quotation marks and citations omitted]).
Claimant, through an interpreter, testified that on the day of the incident he was coming down from the upper part of a scaffold when his foot got turned, causing him to fall down from a height of approximately 12 feet and land on construction debris consisting of, among other things, bricks and dry cement. Claimant explained that, as a result of his fall, he injured his right ankle, right knee, shoulders, elbows, neck and back. After the accident, which was witnessed by a coworker, claimant explained that he notified his supervisor and went to urgent care. The contemporaneous urgent care records from when claimant was examined later that day [*2]reflect, consistent with his testimony, that he presented with, among other things, neck, right shoulder, right ankle and lower body pain and, following X-rays, claimant was provided with discharge instructions for a cervical sprain, lumbar sprain, contusion of the right shoulder and a right ankle sprain. Robert Reiss, claimant's chiropractor who first examined claimant several days after the incident and continued to provide claimant periodic treatment, testified that he also diagnosed claimant with "acute muscular ligamentous injury to the cervical, thoracic and lumbar [spine] with paresthesias[;] rule out any disc pathology and radiculopathy[;] acute myalgia, myofascitis, traumatic injury to [the] left shoulder, bilateral elbows, wrists, bilateral knees and right foot . . ., and traumatic injury to [the] left hip." Based upon claimant's job description, severity of his complaints and description of the incident, Reiss concluded that claimant's injuries were caused by trauma that resulted from his fall at work.
Although the carrier relies upon other record evidence, including the conclusions reached by its independent medical examiner, and points to varying narratives of the incident and mechanism of injury that could support a contrary determination, the Board maintains broad authority to make credibility determinations, to draw reasonable inferences from the record evidence and to serve as the sole arbiter of witness credibility (see Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d at 1252; see also Matter of Aldea v Damari Installations Corp., 172 AD3d 1852, 1854 [3d Dept 2019]; Matter of Ferrari v Darcon v Constr. Inc., 170 AD3d 1392, 1394 [3d Dept 2019]). As such, we accord deference to the Board's resolution of the credibility of claimant's testimony and the contemporaneous medical evidence and conclude that substantial evidence supports the Board's ruling that claimant's injuries arose out of and in the course of his employment (see Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d at 1253; Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1186 [3d Dept 2017]; Matter of Wait v Hudson Val. Community Coll., 120 AD3d 1456, 1456-1457 [3d Dept 2014]; compare Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d at 1385). We have reviewed the carrier's remaining contentions and find them to be without merit.
Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.