Matter of Flores v Millennium Servs., LLC (2023 NY Slip Op 02042)

Matter of Flores v Millennium Servs., LLC

2023 NY Slip Op 02042

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

534208
[*1]In the Matter of the Claim of Jimmy Paullan Flores, Appellant,
v
Millennium Services, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Polsky, Shouldice & Rosen, PC, Rockville Centre (Patrick M. Conroy of counsel), for appellant.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for Millennium Services, LLC and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed March 26, 2021, which, among other things, denied claimant's request to amend his claim to include left shoulder and bilateral knee injuries.
Claimant, a construction laborer, allegedly was hit on his back by a piece of falling concrete while cleaning debris in a first-floor elevator shaft, causing him to fall on his knees and hit his shoulder. Claimant filed a workers' compensation claim for back, left shoulder and bilateral knee injuries. The employer and its workers' compensation carrier accepted the claim only to the extent that claimant sustained a scratch on his back but contested any additional injury. The claim thereafter was established for a work-related injury involving a scratch to claimant's back. Claimant subsequently sought to amend the claim to include bilateral knee and left shoulder injuries based upon the results of an independent medical examination, and also claimed entitlement to awards in connection with his disability following back surgery that he alleged was causally-related to the accident.
Following a hearing, a Workers' Compensation Law Judge granted claimant's request to amend the claim and awarded benefits in relation to the disability resulting from the back surgery. By decision filed March 26, 2021, the Workers' Compensation Board found, among other things, that claimant's testimony regarding the manner in which the accident occurred was not credible and that there was insufficient evidence to substantiate that the injuries alleged were causally-related to the accident. As such, the Board disallowed the claim for bilateral knee and left shoulder injuries, and, further, denied any awards in connection with the back surgery. Claimant appeals.
"Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1006 [3d Dept 2023]). It is the claimant's burden to establish "that the subject injury arose out of and in the course of [the] employment and, further, must demonstrate, by competent medical evidence, the existence of a causal connection between [the] injury and [the] employment" (Matter of Pierre v ABF Frgt., 211 AD3d at 1285 [internal quotation marks and citations omitted]).
Contrary to claimant's contention, the Board, in disallowing the claim for additional sites of injury and awards for disability related to the back surgery, did not improperly substitute its opinion in place of the uncontroverted medical opinions regarding causal relationship. The medical opinions as to causal relationship were based, in part, upon the nature of the accident as relayed by claimant. To that end, claimant relayed that he was in a first-floor elevator shaft cleaning up [*2]debris on a demolition project when a piece of concrete hit him on the back, which he claimed fell from the second or third floor. Claimant further maintained that, when he was hit with the concrete, he fell on his knees and then to his left, hitting his shoulder on the metal elevator allegedly resulting in the claimed injuries to his back, both knees and left shoulder. Claimant testified that he did not know how large the concrete was that hit him because he did not see it.
Testimony from the employer's witnesses, however, contradicted the extent and seriousness of the accident. Specifically, a coworker, who was with claimant in the elevator shaft at the time of the accident, testified that he did not see claimant get hit, saw only small pieces of debris on the floor of the elevator shaft that they were sweeping up and did not see claimant fall on his knees. In addition, the project manager testified that, upon learning of the accident, he inspected the elevator shaft and observed no large concrete or debris that would cause the injury to claimant's back. The absence of any large concrete or debris was further supported by the pictures of the elevator shaft floor that the project manager took about an hour after the incident. The project manager also took a picture of the scratch on claimant's back and noted that there was no bleeding. With regard to a falling object, the coworker testified that any debris in the elevator shaft was from the demolition on the first floor and that the upper floors were closed. The project manager further confirmed that no other demolition was being done on the other floors or in the vicinity of the elevator shaft.
In assessing the testimony and evidence presented, "the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Kennedy v 3rd Track Constructors, 213 AD3d at 1007 [internal quotation marks and citations omitted]). To that end, the Board, which "is the sole arbiter of witness credibility" (Matter of Zeltman v Infinigy Eng'g, PLLC, 211 AD3d 1280, 1283 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [3d Dept 2018]), did not find claimant's description of the manner in which he was injured or the extent of the injuries allegedly sustained to be credible. Although the medical opinions concluded that the alleged injuries were causally-related to the accident, the Board noted that the medical opinions were "based on the incredible history provided by . . . claimant" and, as such, could not provide support to substantiate the claims for the additional injuries and disability. Deferring to the Board's credibility determinations (see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1358), we find substantial evidence supports the Board's finding that there was insufficient evidence to substantiate that the [*3]extent of the injuries alleged were causally-related to the claimant's employment accident, and its decision will not be disturbed (see Matter of Kennedy v 3rd Track Constructors, 213 AD3d at 1008; Matter of Salas v Tom Cat Bakery, Inc., 193 AD3d 1225, 1227 [3d Dept 2021]). To the extent that claimant asserts that he is entitled to the presumption pursuant to Workers' Compensation Law § 21 (1) that an accident occurred in the course of his employment, we note that "the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, [that] employment" (Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1415-1416 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1174-1175 [3d Dept 2022]).
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, with costs.