Matter of Santos v 77 GP, Inc. (2024 NY Slip Op 05615)

Matter of Santos v 77 GP, Inc.

2024 NY Slip Op 05615

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1577
[*1]In the Matter of the Claim of Miguel Maria Santos, Appellant,
v
77 GP, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Law Office of Ralph Ankier, Latham (Yakov Sabghir of counsel), for 77 GP, Inc. and another, respondents.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 26, 2023, which ruled that claimant's injuries did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant filed a workers' compensation claim alleging that, on June 14, 2021, he fell off his electric bicycle while working as a pizza delivery person for 77 GP, Inc. and sustained injuries to his right leg, knee and foot. 77 GP and its workers' compensation carrier controverted the claim, asserting, among other things, that no employer-employee relationship existed at the time of the accident. Following a hearing at which claimant and 77 GP's owner both testified, the Workers' Compensation Law Judge credited the owner's testimony that, among other things, claimant was discharged from his employment prior to sustaining his injuries and, accordingly, disallowed the claim on the basis that no employer-employee relationship existed. Upon administrative appeal, the Workers' Compensation Board affirmed. Claimant appeals.
We affirm. "The existence of an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its finding must be upheld if it is supported by substantial evidence" (Matter of Blotko v Solomon Oliver Mech. Contr., 91 AD3d 990, 991 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1063 [3d Dept 2023], lv dismissed & denied 42 NY3d 967 [2024]). The owner testified that claimant was not employed with 77 GP when he sustained his injuries on June 14, 2021, as he was discharged on June 2, 2021 for drinking on the job. The existence of conflicting evidence, including claimant's testimony, presented a credibility issue for the Board to resolve (see Matter of Leon v Structure Tech N.Y., Inc., 225 AD3d 1071, 1072 [3d Dept 2024]; Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1148 [3d Dept 2023]). Deferring to the Board's credibility assessment, substantial evidence supports its determination that no employer-employee relationship existed on the date claimant was injured (see Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d 1384, 1385-1386 [3d Dept 2020]; Matter of Blotko v Solomon Oliver Mech. Contr., 91 AD3d at 991).
Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.