Matter of Stabile v Catholic Health Sys. of Long Is., Inc. (2025 NY Slip Op 02631)

Matter of Stabile v Catholic Health Sys. of Long Is., Inc.

2025 NY Slip Op 02631

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-23-1971
[*1]In the Matter of the Claim of Anthony Stabile, Appellant,
v
Catholic Health System of Long Island, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 25, 2025

Before:Egan Jr., J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Catholic Health System of Long Island, Inc. and another, respondents.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed October 5, 2023, which ruled, among other things, that claimant did not sustain an accidental injury arising out of and in the course of his employment.
On March 28, 2022, claimant, a nurse, left work and approached his personal vehicle in the parking lot when he experienced an unwitnessed medical event. He was found unresponsive in the hospital parking lot, and, after receiving treatment for his injuries, which included a cardiac arrest, he was discharged to a skilled nursing facility. In September 2022, the instant claim for workers' compensation benefits was filed, alleging that claimant sustained a possible fall resulting in head trauma and multiple complications including a cardiac arrest. The claim was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), and, following an October 2022 hearing, prima facie medical evidence was found for, among other things, cardiac arrest. The carrier's consultant examined claimant, summarized his review of claimant's medical records and concluded that the accident was not related to his employment. Considering that review, as well as deposition testimony from that consultant and testimony from other witnesses including claimant's spouse, a Workers' Compensation Law Judge established the claim, finding that the accident was unwitnessed and that a work-related accident occurred based upon the presumption contained in Workers' Compensation Law § 21. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding, among other things, that, although the presumption contained in Workers' Compensation Law § 21 (1) applied to the unexplained cardiac arrest, the carrier successfully rebutted the presumption by the testimony of its consultant who opined that claimant's condition was not related to his employment. Claimant appeals.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1174 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Bosque v Prime Support Inc., 226 AD3d 1280, 1281 [3d Dept 2024]; Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1275-1276 [3d Dept 2020]). An injury is compensable under the Workers' Compensation Law "only where it arises out of and in the course of the employment" (Matter of Sarmiento v Empire Contr. of N.Y. Corp., 188 AD3d 1384, 1384 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1415 [3d Dept 2022]; see Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276). Where, as here, the underlying accident is unwitnessed, "Workers' Compensation Law § 21 (1) provides a presumption that an accident that [*2]occurs in the course of employment also arises out of that employment" (Matter of Sarmiento v Empire Contr. of N.Y. Corp., 188 AD3d at 1384 [internal quotation marks and citations omitted]; accord Matter of Mendrok v New York City Tr. Auth., 202 AD3d at 1174; see Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276). However, "the statutory presumption cannot be used to establish that an accident occurred in the first instance" (Matter of Leon v Monadnock Constr. Inc., 208 AD3d at 1416 [internal quotation marks and citations omitted]; see Matter of Petesic v Fox 5 N.Y., 174 AD3d 1198, 1199 [3d Dept 2019]). "In order to rebut the statutory presumption, the employer must put forth substantial evidence to the contrary" (Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d 1250, 1251 [3d Dept 2022] [citations omitted]).
Claimant's spouse testified that, on the day of the incident, she saw claimant before he left for work in the early morning hours and that he appeared awake and ready to go to work. Claimant called his spouse at lunchtime to explain that he was going to work some overtime until around 5:00 p.m. Claimant had high cholesterol in the past, hypertension and had been seeing a cardiologist and taking high blood pressure medication. He was also previously diagnosed with obstructive sleep apnea and wore a CPAP. Claimant's manager confirmed in his testimony that claimant worked about two hours of overtime and that there was nothing unusual about claimant's shift on the day in question.
The carrier's consultant, who reviewed claimant's medical records, testified that claimant had various underlying ailments including hypertension, chronic obstructive pulmonary disease and obesity. Hospital records revealed that, upon admission to the emergency department, claimant's potassium levels were low, which is known to promote ventricular arrhythmias. A review of claimant's X-rays taken upon his admission to the hospital revealed the presence of pneumonia and that, other than the right forehead laceration claimant sustained, there were no obvious signs of trauma. The consultant concluded that the cause of claimant's cardiac arrest was secondary to his underlying preexisting conditions. The consultant also opined that there was no clinical evidence to suggest that the head, or any other acute, trauma played any role in the occurrence of the cardiac arrest sustained by claimant. Given the foregoing medical evidence from the consultant, which was unrebutted by any medical evidence from claimant, the Board concluded that the Workers' Compensation Law § 21 presumption was successfully rebutted and that claimant failed to meet his burden to provide competent medical evidence demonstrating that claimant's condition was causally related to his work activities. "In light of the Board's broad authority to make credibility determinations and to draw reasonable inferences from the record evidence, we conclude that its findings are supported by substantial [*3]evidence and, as such, will not be disturbed" (Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d at 1253 [internal quotation marks, brackets and citations omitted]; see Matter of Bond v Suffolk Transp. Serv., 68 AD3d 1341, 1342 [3d Dept 2009]; Matter of Fedor-Leo v Broome County Sheriff's Dept., 305 AD2d 760, 760-761 [3d Dept 2003]; compare Matter of Leon v Monadnock Constr. Inc., 208 AD3d at 1416-1417). Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Pritzker, Lynch and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.