Matter of Duta-Zumba v Urban Atelier Group, LLC (2025 NY Slip Op 05279)

Matter of Duta-Zumba v Urban Atelier Group, LLC

2025 NY Slip Op 05279

Decided on October 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 2, 2025

CV-24-0601
[*1]In the Matter of the Claim of Juan Duta-Zumba, Claimant,
v
Urban Atelier Group, LLC, et al., Appellants, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Lois Law Firm, LLC, New York City (Addison O'Donnell of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for SiriusPoint America Insurance, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed February 27, 2024, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.
In July 2022, claimant filed a claim for workers' compensation benefits alleging that he sustained work-related injuries to his right ankle, neck, shoulders and back when the ladder he was using to install sheetrock shifted, causing him to fall. Level 5 Carpentry and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending, among other things, that it did not employ claimant and therefore should be discharged from the claim. At a subsequent hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence for work-related injuries to claimant's shoulders, left knee, neck and back. Following deposition testimony from physicians who had examined claimant, as well as a hearing, the WCLJ credited claimant's testimony as to the details of his employment and injury, found that Level 5 was the proper employer of record and established the claim for work-related injuries to the left knee, back, bilateral shoulders and neck that arose out of and in the course of his employment. Upon administrative review, the Workers' Compensation Board affirmed, finding claimant's testimony credible and that he sustained injuries that arose out of and occurred in the course of his employment. This appeal by the carrier ensued.
We affirm. Where an underlying accident is unwitnessed, "Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment" (Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d 1384, 1384 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1174 [3d Dept 2022]; see Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1276 [3d Dept 2020]). That said, "the statutory presumption cannot be used to establish that an accident occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Ferrari v Darcon Constr. Inc., 170 AD3d 1392, 1393 [3d Dept 2019]; see Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1416 [3d Dept 2022]; Matter of Petesic v Fox 5 N.Y., 174 AD3d 1198, 1199 [3d Dept 2019]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Mendrok v New York City Tr. Auth., 202 AD3d at 1174 [internal quotation marks and citations omitted]; accord Matter of Bosque v Prime Support Inc., 226 AD3d 1280, 1281 [3d Dept 2024]; Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1275-1276).
At the hearing, claimant testified [*2]that, on July 7, 2022, he was working as a carpenter assistant for Level 5 at the job site where it was engaged in providing carpentry and drywall services. On the C-3 form and in his testimony, claimant identified a coworker by nickname who witnessed the accident. Claimant also testified to how he was hired, and he identified a supervisor — also identified by the carrier's witness — who paid him for his work for Level 5. Each of claimant's physicians as well as the carrier's consultants produced medical reports reflecting that claimant consistently reported the mechanism of injury and his injuries. The Board maintains broad authority to make credibility determinations, to draw reasonable inferences from the record evidence and to serve as the sole arbiter of witness credibility (see Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d 1250, 1253 [3d Dept 2022]). According deference to the Board's resolution of the credibility of claimant's testimony, substantial evidence supports the Board's ruling that the accident occurred and that claimant's injuries arose out of and in the course of his employment (see Matter of Leon v Monadnock Constr. Inc., 208 AD3d at 1416-1417; Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d at 1253; Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1186 [3d Dept 2017]; Matter of Wait v Hudson Val. Community Coll., 120 AD3d 1456, 1456-1457 [3d Dept 2014]; compare Matter of Sarmiento v Empire Contr. of NY Corp., 188 AD3d at 1385).[FN1]
We reject the carrier's related contention that its right to due process was violated when it was not allowed to investigate the coworker about claimant's relationship with him because, according to the carrier, the coworker's name was unknown and unknowable until claimant testified to it at the hearing. The Board was not required to accept the carrier's explanation for failing to identify the coworker from the information provided by claimant on the C-3 form; and, in any event, the carrier did not seek an adjournment to secure the coworker's testimony (see Matter of Metzger v Champion Intl. Corp., 301 AD2d 800, 802 [3d Dept 2003]; Matter of Sammaritano v Attractive Fashions, 96 AD2d 627, 627 [3d Dept 1983], lv denied 60 NY2d 558 [1983]). In our view, the carrier received an "opportunity to be heard at a meaningful time and in a meaningful manner" (Mathews v Eldridge, 424 US 319, 333 [1976] [internal quotation marks and citation omitted]; accord Matter of Maffei v Russin Lbr. Corp., 146 AD3d 1207, 1209 [3d Dept 2017]). We have reviewed the carrier's remaining contentions and find them to be without merit.
Clark, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: We also note that "there are no medical opinions in the record connecting claimant's fall [and resulting injuries] to any idiopathic reasons" (see Matter of Quigley v Concern for Ind. Living, 146 AD3d at 1186).