*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 9, 2015                520289
_____

In the Matter of the Claim of
    JEREMY COX,
                    Appellant,

        v

SAKS FIFTH AVENUE et al.,                MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:   May 28, 2015

Before:   Garry, J.P., Egan Jr., Rose and Lynch, JJ.


_____


        Geoffrey Schotter, New York City, for appellant.

        Jones Jones, LLC, New York City (Sarah Thomas of counsel),
for Saks Fifth Avenue and others, respondents.


_____


Garry, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed March 17, 2014, which ruled that claimant did not sustain
an accidental injury in the course of his employment and denied
his claim for workers' compensation benefits.

        Claimant began working as a sales associate in the
employer's handbag department in November 2011.  In April 2012,
he filed a claim for workers' compensation benefits, alleging
that work-related stress caused him to develop anxiety disorder,
panic disorder, agoraphobia, insomnia and weight loss.  Following
hearings, a Workers' Compensation Law Judge (hereinafter WCLJ)

established the claim for anxiety, panic disorder and depression. Upon review, the Workers' Compensation Board reversed, finding that claimant had not demonstrated that he was exposed to stress that was any greater than that experienced by his peers. Claimant appeals.

We reverse. "Mental injuries caused by work-related stress are compensable if the claimant can show that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Cerda v New York Racing Assn., 112 AD3d 1075, 1075-1076 [2013] [internal quotation marks and citations omitted]; see Matter of Guillo v NYC Hous. Auth., 115 AD3d 1140, 1140 [2014]). Claimant testified that, during a promotional event for a manufacturer of high-priced luxury goods, he was directed by a supervisor to fabricate reserve orders by falsely indicating that individual customers intended to purchase the manufacturer's handbags for the purpose of increasing the store inventory. Claimant stated that he submitted two fabricated orders during the event, which required the inclusion of customers' personal information, including credit card numbers. Two of claimant's supervisors confirmed that the manufacturer required reserve orders before it would ship handbags, and that employees were instructed to submit as many reserve orders as possible for the purpose of increasing the store inventory. The supervisors neither admitted nor denied that employees were instructed to submit fabricated reserve orders on the day of the promotional event, but they confirmed that similar practices had occurred at the store in the past. One of the supervisors testified that claimant became upset during the promotional event and that she heard him tell the other supervisor that he did not want to submit false orders. The supervisors denied that credit card numbers were included in reserve orders, but a coworker testified that such information was included.

The WCLJ found claimant's testimony to be credible and determined, among other things, that he had been directed by a supervisor to submit false reserve orders in order to deceive the manufacturer and that credit card numbers were included in the reserve orders. The WCLJ concluded that claimant sustained a mental injury as a result of "the stress of being directed to

engage in deceptive business practices" and that this stress was
greater than that experienced in the normal work environment
because "[p]ressure to engage in unethical and illegal practices
. . . cannot be considered a normal work environment."  The Board
subsequently disallowed the claim, finding that, because all of
the employees in claimant's department were pressured to place
reserve orders and were given the same instruction, claimant's
stress was not greater than that of similarly situated workers.

We reject this analysis.  The Board neither contradicted
nor commented upon the findings of the WCLJ that claimant's
supervisors directed him to engage in a deceptive business
practice by submitting falsified reserve orders, and it did not
exercise its power to reject the underlying credibility
determinations (see Matter of Nassar v Masri Furniture & Mdse.,
Inc., 91 AD3d 1022, 1022-1023 [2012]).  Thus, the remaining basis
for the Board's conclusion that claimant was not subjected to
stress greater than that experienced in a normal workplace is
that other employees were similarly directed to engage in
wrongful conduct.  This analysis is untenable; the imprimatur of
"normal" cannot be placed upon a workplace where an employee is
directed to carry out a deceptive, unethical or potentially
illegal practice because an employer also gave that direction to
other employees (compare Employer: Macy's East, 2012 WL 2261361,
*7, 2013 NY Wrk Comp LEXIS 4796, *18-*19 [WCB No. G000 7942, June
8, 2012]).  The mere fact that other employees may have received
the same instruction cannot support this conclusion.  Here, there
was no other evidence from which it may be concluded that
directions to place false reserve orders constituted part of a
normal work environment for similarly situated employees.  The
employer's witnesses testified that corrective action — including
termination — had been taken when similar practices occurred at
the store in the past, and claimant testified that he would have
been fired for such conduct in other upscale department stores
where he had previously worked.  Accordingly, we find that the
Board's determination is not supported by substantial evidence
(compare Matter of Cerda v New York Racing Assn., 112 AD3d at
1076).

Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court