Matter of Rivenburg v County of Albany (2020 NY Slip Op 05275)





Matter of Rivenburg v County of Albany


2020 NY Slip Op 05275


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530774

[*1]In the Matter of the Claim of Darren Rivenburg, Appellant,
v
County of Albany et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 10. 2020

Before: Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.


Erwin, McCane & Daly, Albany (Ashley M. Hart of counsel), for appellant.
Walsh and Hacker, Albany (Kelly B. Dean of counsel), for County of Albany and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed June 20, 2019, which ruled that claimant did not sustain a compensable injury and disallowed his claim for workers' compensation benefits.
Claimant worked as a correction officer at the Albany County Correctional facility. In June 2018, he was supervising a group of inmates who were confined to the special housing unit when one of the inmates began making threatening comments about gang-raping and killing claimant's college-aged daughter. Other inmates joined in making these remarks. Shortly thereafter, while claimant was assisting other correction officers move this inmate to another cell, the inmate became aggressive toward claimant, necessitating the use of force. Claimant was not physically injured, but found the whole incident to be emotionally upsetting. He continued working thereafter. In July 2018, claimant got into an argument with another correction officer during which the officer allegedly closed a door in claimant's face, raised his fist and threatened claimant. Claimant stopped working a few weeks later upon the advice of a physician, who concluded that he was not fit to continue working.
Thereafter, he filed claims for workers' compensation benefits with respect to both the June 2018 and the July 2018 incidents. He reported that these incidents caused him mental health injuries, including posttraumatic stress disorder (hereinafter PTSD), anxiety, insomnia and depression. The employer and its workers' compensation carrier controverted these claims. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of PTSD and directed that both claims travel together. The WCLJ later found prima facie medical evidence of anxiety and depression as well, and the cases were continued for the testimony of witnesses. During the proceedings that followed, the WCLJ concluded that the July 2018 incident flowed directly from the June 2018 incident and combined the claims. The WCLJ then issued a decision finding no compensable injury and disallowed the claim. A panel of the Workers' Compensation Board affirmed the WCLJ's decision, and claimant appeals.
Initially, "[i]t is well settled that mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Lozowski v The Wiz, 134 AD3d 1177, 1178 [2015] [internal quotation marks and citations omitted]; see Matter of Guillo v NYC Hous. Auth., 115 AD3d 1140, 1140 [2014]; Matter of Spencer v Time Warner Cable, 278 AD2d 622, 623 [2000], lv denied 96 NY2d 706 [2001]). This is a factual issue for the Board to resolve, and its decision will be upheld if supported by substantial evidence (see Matter of Lozowski v The Wiz, 134 AD3d at 1178; Matter of Kopec v Dormitory Auth. of State of N.Y., 44 AD3d 1230, 1231 [2007]).
Claimant testified that, following the June 2018 incident with the inmates, he was terrified and afraid for the safety of his wife and daughter, as these were very dangerous individuals with violent criminal histories who had been transferred from a downstate prison. He stated that, although he had received prior threats from inmates, he had never been threatened like that before and was so concerned that he obtained a handgun and had his wife and daughter change their social media accounts. Claimant stated that, notwithstanding his fear, he returned to work after the incident and voluntarily elected to work some overtime shifts.
A superior officer testified that, in the course of their regular duties, correction officers had frequent contact with inmates that was sometimes confrontational and involved threats to the officers and their families. He stated that, following the June 2018 incident, he spoke to claimant about his concerns. He related that, during this conversation, claimant admitted that he had shared personal information about his family with the inmates that had made the threatening comments.
In view of the foregoing, there is no indication that claimant was under a greater amount of stress than other correction officers performing similar duties in the facility. Given the nature of the work required of correction officers and the character of the individuals under confinement, the stress created by dealing with the inmates was no different for claimant than it was for other correction officers. The inmates who made the threatening comments seized upon an opportunity to intimidate claimant using personal information that he had shared. No proof was presented that the lives of claimant's daughter and/or wife were actually in jeopardy. Notwithstanding the threatening comments, claimant continued to work his regular shifts, including volunteering for overtime, after the June 2018 incident. Under these circumstances, we find that substantial evidence supports the Board's decision that claimant did not sustain a compensable injury (compare Matter of Lucke v Ellis Hosp., 119 AD3d 1050 [2014]). Therefore, we decline to disturb its decision.
Garry, P.J., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.