Matter of Casey v United Ref. Co. of Pa. (2021 NY Slip Op 03236)





Matter of Casey v United Ref. Co. of Pa.


2021 NY Slip Op 03236


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

532387
[*1]In the Matter of the Claim of Cheryl A. Casey, Appellant,
v
United Refining Company of Pennsylvania et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Hardy Marble LLP, Lockport (William James Hardy of counsel), for appellant.
O'Connell Zavelo LLC, Elizaville (Anne O'Connell Zavelo of counsel), for United Refining Company of Pennsylvania and another, respondents.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed May 29, 2020, which ruled that claimant did not suffer a causally-related mental injury and denied her claim for workers' compensation benefits.
Claimant worked as a manager at the employer's 24-hour convenience store for approximately 29 years. On January 3, 2019, a customer was using vulgar language while talking on his cell phone. When he refused the cashier's request to cease such conduct, claimant told the customer to leave the store or she would call the police. The customer refused and threatened claimant with physical harm. He then exited the store but reentered, at which point another customer, who was a security guard, convinced him to leave. The customer who made the threat was subsequently apprehended by the police without further incident.
Claimant continued to work immediately after this encounter, but stopped working a few days later as she was experiencing anxiety, sleeplessness and difficulty concentrating. She filed a claim for workers' compensation benefits asserting that she sustained a mental injury as a result of this incident. The claim was controverted by the employer through its workers' compensation carrier. Following a hearing, a Workers' Compensation Law Judge established the claim for posttraumatic stress disorder with depression/anxiety. The carrier sought review of this decision by the Workers' Compensation Board. A panel of the Board concluded that claimant's mental injury was not compensable under Workers' Compensation Law § 2 (7) because the evidence did not establish that she experienced stress greater than that experienced by other similarly situated workers in comparable work environments. Consequently, the Board reversed the Workers' Compensation Law Judge's decision and disallowed the claim. Claimant appeals.
We affirm. A mental injury may be compensable under the Workers' Compensation Law (see Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1136 [2017]; Matter of Haynes v Catholic Charities, 135 AD3d 1267, 1268 [2016]; see also Workers' Compensation Law § 2 [7]). However, to obtain benefits, the "claimant must demonstrate that the stress that caused the claimed mental injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [2018], lv denied 33 NY3d 901 [2019]; see Matter of Cook v East Greenbush Police Dept., 114 AD3d 1005, 1005-1006 [2014], lv denied 23 NY3d 904 [2014]). This is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Karam v Rensselear County Sheriff's Dept., 167 AD3d at 1109; Matter of Kopec v Dormitory Auth. of State of N.Y., 44 AD3d 1230, 1231 [2007]).
At the hearing, claimant, who has a prior history of depression and anxiety, testified that the customer's threatening behavior frightened [*2]her and that the resulting stress made her nervous, sleepless and unable to concentrate, thereby causing her inability to continue working. She acknowledged that, during her lengthy tenure as a store manager, she had previous experience dealing with difficult customers whom she had to eject from the store. She stated, however, that this incident was different because she was in fear for her life due to her belief that the customer had a gun.
The employer's representatives testified that claimant had received training on certain workplace issues, including handling violent situations, and claimant acknowledged the same. The employer's regional manager testified that claimant had handled the situation properly and in accordance with company protocol. In addition, he recounted two previous challenging situations that claimant had successfully handled, one involving a person experiencing a heroin overdose and the other involving a loiterer with a stolen vehicle.
Significantly, the record does not indicate that the problematic customer physically assaulted claimant, actually possessed a gun or continued his menacing behavior after he finally left the store. Indeed, the evidence suggests that the incident at issue was not vastly different from the type of stressful situations one could expect to encounter as the manager of a 24-hour convenience store. Accordingly, substantial evidence supports the Board's finding that claimant did not suffer a causally-related mental injury entitling her to workers' compensation benefits (see Matter of Cook v East Greenbush Police Dept., 114 AD3d at 1006; Matter of Guess v Finger Lakes Ambulance, 28 AD3d 996, 998 [2006], lv denied 7 NY3d 707 [2006]).
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.