Matter of Williams v Orange & White Mkts. (2021 NY Slip Op 05370)





Matter of Williams v Orange & White Mkts.


2021 NY Slip Op 05370


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

531151
[*1]In the Matter of the Claim of Giulliana Williams, Claimant,
v
Orange & White Markets et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Foley, Smit, O'Boyle & Weisman, New York City (Raquel L. Alexander of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 22, 2019, which ruled that Insurance Company of Greater New York is responsible for certain disputed medical bills, and (2) from a decision of said Board, filed November 15, 2019, which denied an application by Insurance Company of Greater New York for reconsideration and/or full Board review.
Claimant, who worked in the employer's delicatessen, sustained work-related injuries in 2016 while taking food out of the oven, and the case was established for a left shoulder injury. Claimant was treated by Arnold Wilson, an orthopedist who saw her on a monthly basis and diagnosed her with left shoulder impingement caused by trauma sustained at work. Wilson pursued a non-operative course of treatment including physical therapy and shoulder injections. A November 2016 MRI disclosed, among other things, tendinosis/tendinopathy involving the rotator cuff tendon. Claimant experienced only slight improvement and, in April 2018, Wilson recommended left shoulder arthroscopic surgery based upon her ongoing symptoms, her flexion and rotational limitations and the MRI results. Claimant declined surgery at that time. In 2018, claimant filed another claim following an incident at work in July 2018 in which she injured her left shoulder and neck after reportedly bumping into a machine in the delicatessen. Wilson also treated claimant for her 2018 injuries, diagnosing her with left shoulder impingement syndrome and adhesive capsulitis. Claimant did not return to work. An October 2018 MRI of the left shoulder indicated both unchanged and changed conditions since the previous MRI. Wilson requested authorization for left shoulder surgery.
Insurance Company of Greater New York, the employer's workers' compensation carrier at the time of the 2016 injury, filed multiple C-8.1 (Part B) forms disputing its obligation to pay for Wilson's treatment of claimant on five dates between September 5, 2018 and January 31, 2019, on the ground that the treatment on those dates was not causally related to the 2016 injury but, rather, was attributable to the 2018 work-related injury. Liberty Mutual Insurance Company, the employer's workers' compensation carrier at the time of the 2018 injury, procured an independent medical examination of claimant in January 2019 by Ronald Mann, who filed a report. Mann diagnosed claimant with left shoulder sprain/strain and tendonitis, causally related to the 2018 accident.
Following Wilson's separate deposition testimonies regarding the 2016 injury and the 2018 injury and a hearing, a Workers' Compensation Law Judge issued a decision finding that the treatment rendered by Wilson to claimant on the disputed dates listed in the C-8.1 (Part B) forms was causally related to the 2016 accident.[FN1] As such, the C-8.1 (Part B) forms were resolved in favor of the health care provider, Wilson, obligating Insurance Company of Greater New York to pay the disputed bills. On [*2]administrative appeal by the employer and Insurance Company of Greater New York (hereinafter collectively referred to as the carrier), the Workers' Compensation Board affirmed. The subsequent application for reconsideration and/or full Board review by Insurance Company of Greater New York was denied. The carrier appeals from both decisions.[FN2]
We affirm. The limited issue presented is whether the disputed medical bills incurred after claimant's 2018 injury were causally related to her 2016 injury so as to obligate Insurance Company of Greater New York, the employer's carrier in 2016, to pay those bills. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Hanley v Trustees of Columbia Univ., 189 AD3d 1847, 1847 [2020] [internal quotation marks and citation omitted]; see Matter of Vashaw v C & S Tech. Resources, Inc., 178 AD3d 1222, 1223-1224 [2019]). "To the extent that conflicting medical opinions on the issue of causation are presented, the Board is vested with the exclusive authority to resolve such conflicts and credit one expert's opinion over that of another" (Matter of Hanley v Trustees of Columbia Univ., 189 AD3d at 1848 [citations omitted]). The Board may also "selectively adopt or reject portions of a medical expert's testimony" (Matter of Derouchie v Massena W.-WC-Smelter, 160 AD3d 1310, 1311 [2018] [internal quotation marks and citation omitted]). We accord "great deference" to the Board's resolution of credibility, "particularly with regard to causation" (id. at 1311 [internal quotation marks and citation omitted]).
Wilson's testimony regarding claimant's 2016 left shoulder injury, which the Board credited, established that he provided ongoing treatment for that injury, diagnosing left shoulder impingement and, after non-operative treatment failed to result in improvements, he recommended surgery. Although claimant did not consent to that surgery until after her 2018 injury, Wilson testified that the subsequent surgery was causally related to the 2016 injury. Wilson opined that, although the 2018 injury compounded the trauma caused by the 2016 injury, the need for surgery initiated with the 2016 injury. To the extent that the carrier argues that Wilson's earlier testimony as to the 2018 injury was inconsistent and supported a different conclusion on causation with regard to the disputed medical bills, the Board was free to resolve that conflict and to credit Wilson's later testimony regarding the causal connection between the 2016 injury and the disputed bills. This is particularly so given that Wilson did not have his 2016 treatment records with him to consult at the time he testified regarding the 2018 injury. Although Mann concluded from his January 2019 examination of claimant that her left shoulder sprain/strain and tendonitis were causally related to the 2018 [*3]injury, his brief report does not reflect that he reviewed all of claimant's treatment records or was aware of her lengthy non-operative treatment for the 2016 injury. As such, the Board rationally credited Wilson's opinion over that of Mann (see Matter of Hanley v Trustees of Columbia Univ., 189 AD3d at 1848). According deference to the Board's resolution of the contradictory medical evidence, we find that the Board's decision is supported by substantial evidence (see Matter of Vashaw v C & S Tech. Resources, Inc., 178 AD3d at 1224).
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Although the decision does not mention the disputed treatment rendered on September 5, 2018, this appears to be an oversight, and all C-8.1 (Part B) forms were found in the provider's favor.

Footnote 2: As the carrier has not advanced any arguments in its brief relative to the Board's November 15, 2019 decision denying the application for reconsideration and/or full Board review, we deem the appeal from that decision to be abandoned (see Matter of Rho v Beth Israel Med., 194 AD3d 1324, 1325 n [2021]).