Matter of Matthews v New York City Tr. Auth. (2023 NY Slip Op 03894)

Matter of Matthews v New York City Tr. Auth.

2023 NY Slip Op 03894

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

535536 
[*1]In the Matter of the Claim of Sheldon Matthews, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed November 10, 2021, which ruled that claimant did not sustain a compensable injury and disallowed his claim for workers' compensation benefits.
Claimant, a train conductor for the self-insured employer, filed a claim for workers' compensation benefits alleging that, due to his high risk exposure to the coronavirus and unsafe work environment in which he was not provided adequate personal protective equipment, he developed anxiety and his preexisting psychiatric conditions were exacerbated. Claimant listed March 23, 2020 as the date of onset of the injury/illness, which was the day that he stopped working. The employer controverted the claim. Claimant's then-current treating psychologist, Michelle Dziedzic, submitted a report from a July 2020 initial evaluation in which she recounted claimant's assertions that rules were initially adopted by the employer prohibiting masks, that he was required to quarantine after an incident on March 23, 2020 in which he was present in a room 30 minutes after a coworker who later tested positive for COVID-19, and that coworkers died of COVID-19, all causing petitioner to feel unsafe, constantly anxious, depressed and afraid to return to work. Dziedzic reported that claimant had previously been treated for anxiety and depression for 10 years and opined that he was temporarily totally disabled due to significant anxiety attributable to his work exposure to the coronavirus and lack of safety measures. A Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of posttraumatic stress disorder (hereinafter PTSD) and adjustment disorder based upon Dziedzic's report.
Thereafter, claimant's long-term psychiatrist documented his treatment of claimant since 2011 for psychiatric conditions including intermittent depressive episodes, and opined that claimant had a recurrence of major depression and anxiety in March 2020, conditions exacerbated by the COVID-19 pandemic and fear of, among other things, contracting the coronavirus. Claimant also testified to his psychiatric history and asserted that his psychiatric symptoms were exacerbated by the employer's no-mask policy and his presence in a workroom after a coworker who later tested positive for COVID-19. Further medical reports and testimony were submitted documenting claimant's fear of contracting COVID-19, and the effects that having to quarantine and coworkers contracting the virus and, in some cases dying, had on his mental health. The WCLJ disallowed the claim, finding that the stress that claimant was under was the same as other similarly situated workers during the pandemic. The Workers' Compensation Board affirmed the decision,[FN1] and claimant appeals.
We affirm. It is well settled that a mental injury arising from work-related stress is compensable (see Matter of Novak v St. Luke's Roosevelt Hosp., 148 AD3d 1509, 1510 [3d Dept 2017]; Matter of Guillo v NYC Hous. Auth., [*2]115 AD3d 1140, 1140 [3d Dept 2014]). However, to receive benefits, it is a claimant's "burden of establishing, by competent medical evidence, that a causal connection exist[s] between [his or] her [psychological injury] and [his or] her employment" (Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277-1278 [3d Dept 2019], lv denied 34 NY3d 909 [2020]; see Matter of Brown v New York City Tr. Auth., ___ AD3d ___, ___ [3d Dept 2023] [decided herewith]; see also Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 327 [1988]; Matter of Reith v City of Albany, 200 AD3d 1460, 1462 [3d Dept 2021]). Notably, "the fact that the injury relates to a preexisting condition will not preclude the claimant from obtaining relief where it is demonstrated that the claimant's employment exacerbated the condition in such a manner as to cause a disability which did not previously exist" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1135 [3d Dept 2017] [internal quotation marks and citations omitted]).
"For a mental injury premised on work-related stress to be compensable, a claimant must demonstrate that the stress that caused the claimed mental injury was greater than that which other similarly situated workers experienced in the normal work environment" (id. at 1134 [internal quotation marks and citations omitted]; see Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283 [3d Dept 2020]; Matter of Lanese v Anthem Health Servs., 165 AD3d 1373, 1374 [3d Dept 2018]). "Whether the stress experienced by a claimant is more than that normally encountered is a factual question for the Board to resolve, and its finding will not be disturbed when supported by substantial evidence" and, "[u]pon review, we defer to the Board's credibility assessments"(Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 901 [2019]; see Matter of Keane v New York State Elec. & Gas Co., 272 AD2d 802, 804 [3d Dept 2000]).
Claimant, who had a history of depression and anxiety, asserts that his mental health injury and PTSD were the result of, or exacerbated by, work-related stress caused by his high-risk exposure to COVID-19 at work. Claimant's supervisor testified that he had not directed claimant that he could not wear a mask and was unaware of any directive from the employer to that effect. There is no dispute that claimant's injuries were solely mental or psychiatric, that his medical providers diagnosed him with a causally-related recurrence of depression, anxiety and PTSD, exacerbated by the pandemic, and that he did not contract COVID-19 prior to stopping work on March 23, 2020. There was no evidence that claimant had even ever had direct person-to-person contact at work with a coworker or passenger with COVID-19 which, in any event, would not by itself suffice to establish that claimant's stress was greater than that of other train conductors who, like claimant[*3], presumably had at least unknowing contact with positive or potentially positive coworkers or passengers. The Board found claimant not credible,[FN2] apparently on the issue of whether he was instructed not to wear a mask.
As the Board noted, claimant's work as a train conductor on mass transit involved interacting with the general public and coworkers, a position that exposed him and all public-facing train workers to communicable diseases such as COVID-19. This is consistent with precedent similarly concluding that public-facing workers and public servants face a variety of perils and stressors in the course of their employment that cause or exacerbate preexisting mental health problems which are not necessarily compensable, under the governing standard, unless they are able to demonstrate that the stress that caused their mental injury was greater than that experienced by similarly situated workers (see Matter of Casey v United Ref. Co. of Pa., 194 AD3d 1300, 1300-1301 [3d Dept 2021]; Matter of Rivenburg v County of Albany, 187 AD3d at 1283; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1109-1111; Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1499-1500 [3d Dept 2017]). Substantial evidence supports the Board's factual finding that neither claimant's fear of contracting COVID-19, which the Board concluded was "a fear likely experienced by all [t]rain [c]onductors in March of 2020," nor his work environment and duties, resulted in stress greater than that experienced by similarly situated train operators during the pandemic, as "exposure to COVID-19 was a risk being experienced by all train conductors in March 2020 as part of their normal duties" (see Matter of Rivenburg v County of Albany, 187 AD3d at 1284; Matter of Issayou v Issayuou Inc., 174 AD3d at 1279; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1111; Matter of Lanese v Anthem Health Servs., 165 AD3d at 1375; Matter of Burke v New York City Tr. Auth., 148 AD3d at 1499).
The Board rationally rejected claimant's argument that the work environment was not "normal" or that an abnormal work environment alone satisfies the governing test for compensability of mental injuries caused by work-related stress (see Matter of Rivenburg v County of Albany, 187 AD3d at 1283; Matter of Issayou v Issayuou Inc., 174 AD3d at 1279). Although we have recognized that a workplace cannot be deemed normal "where an employee is directed to carry out a deceptive, unethical or potentially illegal practice because an employer also gave that direction to other employees" (Matter of Cox v Saks Fifth Ave., 130 AD3d 1236, 1238 [3d Dept 2015]), this was not the case here. Substantial evidence supports the Board's factual finding that, "given the circumstances surrounding a global pandemic" that included a ubiquitous risk of contracting COVID-19 for similarly situated train conductors, claimant did not demonstrate that his work environment was not normal for purposes of [*4]workers' compensation coverage for mental health injuries sustained as a result of work-related stress. Claimant's reliance on cases involving infectious diseases contracted at work is misplaced, as he did not contract COVID-19 at work. Claimant's remaining contentions have been examined and, to the extent preserved for our review, found to be without merit.
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board rescinded the WCLJ's finding to the extent that it was premised on a determination that claimant was an "essential worker," finding that it had no bearing on his claim for workers' compensation benefits.

Footnote 2: To the extent the employer argues that the appeal is moot in that the Board found claimant, in part, not credible, rendering him unable to meet his burden of proving that he had causally-related mental injury as a result of work-related stress, we disagree. Although the Board apparently discredited claimant's testimony regarding the no-mask policy, it did not discredit the medical testimony that claimant experienced a causally-related exacerbation of his psychiatric conditions, which could have supported an award of benefits if claimant demonstrated that he had experienced greater stress than other train conductors. More to the point, the merits of the Board's finding that, on the credited evidence before it, claimant did not experience an abnormal work environment or stress greater than that experienced by similarly situated train conductors is reviewable on appeal and is not a moot determination, in that "the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; accord Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).