Matter of Djanuzakov v Manhattan & Bronx Surface Tr. Operating Auth. (2023 NY Slip Op 03893)

Matter of Djanuzakov v Manhattan & Bronx Surface Tr. Operating Auth.

2023 NY Slip Op 03893

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

535458
[*1]In the Matter of the Claim of Bolot Djanuzakov, Appellant,
v
Manhattan & Bronx Surface Transit Operating Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Manhattan & Bronx Surface Transit Operating Authority, respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 27, 2022, which ruled that claimant did not sustain a compensable injury and disallowed his claim for workers' compensation benefits.
Claimant, a bus driver, left his employment in November 2020 [FN1] and later filed a claim for workers' compensation benefits alleging, as he later testified, that he sustained work-related stress and mental health injuries as a result of his exposure to COVID-19, the COVID-19-related death and illness of coworkers, the conditions of his employment and his treatment by coworkers and passengers, among other things. Claimant's treating clinical psychologist diagnosed him with causally-related major depressive disorder and anxiety disorder due to multiple stressful events that he reported had occurred in the course of his work since the start of the pandemic, and found him to be temporarily totally disabled, ongoing through a March 2021 hearing. Following a further hearing at which claimant testified, the Workers' Compensation Law Judge disallowed the claim, finding that claimant had not experienced work-related stress greater than that shared by similar workers during the pandemic. The Workers' Compensation Board later affirmed.[FN2] Claimant appeals.
Initially, under the governing standard applied by the Board, "mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Matthews v New York City Tr. Auth., ___ AD3d ___, ___ [3d Dept 2023] [decided herewith]; Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1279 [3d Dept 2019], lv denied 34 NY3d 909 [2020]; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [3d Dept 2018], lv denied 33 NY3d 901 [2019]; Matter of Lanese v Anthem Health Servs., 165 AD3d 1373, 1374 [3d Dept 2018]). Moreover, "[w]hether the stress experienced by a claimant is more than that normally encountered is a factual question for the Board to resolve, and its finding will not be disturbed when supported by substantial evidence" and, "[u]pon review, we defer to the Board's credibility assessments"(Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1109 [internal quotation marks and citations omitted]; see Matter of Matthews v New York City Tr. Auth., ___ AD3d at ___; Matter of Casey v United Ref. Co. of Pa., 194 AD3d 1300, 1300-1301 [3d Dept 2021]; Matter of Keane v New York State Elec. & Gas Co., 272 AD2d 802, 804 [3d Dept 2000]). It is a claimant's "burden of establishing, by competent medical evidence, that a causal connection existed between [his or] her [psychological injury] and [his or] her employment" (Matter of Issayou v Issayuou Inc., 174 AD3d at 1277; see Matter of Lemon v New [*2]York City Tr. Auth., 72 NY2d 324, 327 [1988]), which likewise is a factual issue for the Board to resolve (see Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1204 [3d Dept 2022]).
Claimant testified at the hearing that although he had never tested positive for COVID-19, he was fearful of contracting and bringing it home to his family, as most passengers refused to wear masks when he instructed them that masks were required and some threatened him, half of his coworkers went unmasked and he was only provided with one mask per week at the outset of the pandemic. He perceived that his coworkers were treating him differently during the pandemic — mistakenly believing that he was from China, at a time when rumors theorized that the novel coronavirus responsible for COVID-19 originated in that country — and he described an encounter with a police officer who blamed him for the pandemic. In finding that claimant did not have a compensable mental injury claim, the Board found that all drivers were given the same allotment of personal protective equipment, which was scarce at the outset, and all were subjected to the same risk of exposure to and contracting COVID-19, and claimant did not perform any duties outside his normal tasks. Moreover, claimant's belief that his coworkers were treating him differently, based only on his testimony that they stopped greeting him, was unfounded as there was no evidence to support the conclusion that this was due to his race or country of origin rather than to social distancing requirements. The Board did not find claimant's account of the encounter with a police officer to be credible and noted that, even if it occurred as recounted, it did not involve coworkers and was unrelated to his employment. Substantial evidence supports the Board's finding that claimant failed to demonstrate that the stress he experienced at work was greater than the stress normally experienced in the workplace by similarly situated bus operators, given that their job duties necessarily involved interacting with the general public and coworkers throughout the community where they are subjected to myriad illnesses, including COVID-19, and difficult passengers (see Matter of Matthews v New York City Tr. Auth., ___ AD3d at ___; Matter of Rivenburg v County of Albany, 187 AD3d at 1284; Matter of Issayou v Issayuou Inc., 174 AD3d at 1279; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1111; Matter of Lanese v Anthem Health Servs., 165 AD3d at 1374; Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [3d Dept 2017]; Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1499-1500 [3d Dept 2017]).
We further find the Board rationally rejected claimant's argument that the work environment was not "normal" or that an abnormal work environment alone satisfies the governing test for compensability of mental injuries caused by work-related stress (see Matter of Matthews v New York City Tr. Auth., ___ AD3d at ___; Matter [*3]of Rivenburg v County of Albany, 187 AD3d at 1283; Matter of Issayou v Issayuou Inc., 174 AD3d at 1279). To that end, there was no evidence that claimant or other drivers were "directed to carry out a deceptive, unethical or potentially illegal practice" (Matter of Cox v Saks Fifth Ave., 130 AD3d 1236, 1238 [3d Dept 2015]). Claimant's remaining contentions have been examined and, to the extent preserved for our review, found to be without merit.
Lynch, J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant's form C-3 employee claim indicated that he ceased working in December 2020, but he testified that he stopped working on November 22, 2020.

Footnote 2: The Board rescinded the Workers' Compensation Law Judge's finding to the extent that it was premised on a determination that claimant was an "essential worker," finding that it had no bearing on his claim for workers' compensation benefits.