Matter of Waddy v Manhattan & Bronx Surface Tr. Auth. (2025 NY Slip Op 00250)

Matter of Waddy v Manhattan & Bronx Surface Tr. Auth.

2025 NY Slip Op 00250

Decided on January 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 16, 2025

CV-23-0854
[*1]In the Matter of Jenise M. Waddy, Appellant,
v
Manhattan & Bronx Surface Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Jones Jones LLC, New York City (Stacee S. Vaikness of counsel), for Manhattan & Bronx Surface Transit Authority, respondent.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 14, 2023, which ruled, among other things, that claimant did not sustain a compensable injury and disallowed her claim for workers' compensation benefits.
Claimant, a transit bus operator for 21 years, filed a claim for workers' compensation benefits contending that she suffered from posttraumatic stress as a result of an incident wherein an unidentified man — unsuccessful in his attempt to board the bus she was driving while it was stopped at a red light — climbed onto the front bumper, pounded on the windshield and damaged a wiper blade and side mirror on the bus. The self-insured employer controverted the claim. Following a hearing, an independent medical examination and the deposition of claimant's treating physician, a Workers' Compensation Law Judge found that claimant, who returned to work approximately three months after the incident, sustained a work-related compensable injury and awarded benefits. Upon the employer's administrative appeal, the Workers' Compensation Board reversed and disallowed the claim, finding that claimant failed to establish that the stress she experienced as a result of this incident was greater than that experienced by similarly situated bus operators. This appeal by claimant ensued.
For a workplace injury to be compensable, a claimant must establish that such injury was caused by a workplace accident (see Workers' Compensation Law § 2 [7]). Where the injury involved is purely psychological, "a claimant must demonstrate that the stress that caused the claimed [psychological] injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283 [3d Dept 2020]). In applying this standard, we have recently clarified that determining whether an incident amounts to a workplace accident requires "the Board [to] consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental, or whether the stressor was instead an unusual, unexpected or extraordinary part thereof and therefore accidental" (Matter of Anderson v City of Yonkers, 227 AD3d 63, 67-68 [3d Dept 2024] [internal citations omitted]; accord Matter of Spillers v Health & Hosp. Corp., 225 AD3d 1100, 1102 [3d Dept 2024]). Further, we explained that the Board should utilize evidence regarding "other similarly situated workers" to inform its "understanding of a claimant's normal work environment and the reasonable expectations therein, as well as the claimant's job duties and expectations," but it should "be careful not to apply the experiences of other similarly situated workers to diminish its requisite consideration of an individual claimant's particular [*2]vulnerabilities" (Matter of Anderson v City of Yonkers, 227 AD3d at 68-69; see Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 510-511 [1975]). In reviewing the Board's credibility and factual determinations, it is not our role to substitute judgment for that of the Board, and the existence of some evidence that could support a contrary conclusion is, in itself, of no consequence (see Matter of Carroll v Nassau County Police Dept., 228 AD3d 1213, 1217 [3d Dept 2024]; Matter of Williams v Orange & White Mkts., 198 AD3d 1028, 1031 [3d Dept 2021]; Matter of Gibson v Carrier Corp., 307 AD2d 616, 618 [3d Dept 2003]). Rather, "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence . . . [—] a minimal standard [that] demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1147 [3d Dept 2023]).
Here, claimant was operating a bus that was stopped at a red light in the Borough of Brooklyn when a man pounded on the door and demanded to be let onto the bus. When claimant refused to open the door, the man climbed onto the front bumper of the bus, banged on the glass, bent a wiper blade and, after unsuccessfully attempting to reach in through a side window, broke a side mirror. Claimant further testified that the man verbally threatened her, but she managed to close the window before he could reach inside. The employer's representative testified that encountering irate bus passengers was not uncommon and that, although most people simply "curse at the driver" and walk away, some do become sufficiently irritated to punch or kick the bus. In its decision, the Board found that "the job responsibilities of a bus operator necessarily involve interacting with the general public . . . , including unruly ones," and that "it is expected that bus operators could be exposed to unruly individuals and property damage to the vehicle." We recognize that the record on appeal could also support a contrary conclusion. However, we do not second-guess the Board's factual determination that this type of incident is one that, as a bus operator, "claimant should reasonably and ordinarily be expected to encounter in [her] normal work environment," as it is supported by substantial evidence in the record (Matter of Anderson v City of Yonkers, 227 AD3d at 67; see Matter of Carroll v Nassau County Police Dept., 228 AD3d at 1217; Matter of Spillers v Health & Hosp. Corp., 225 AD3d at 1102; Matter of Casey v United Ref. Co. of Pa., 194 AD3d 1300, 1301 [3d Dept 2021]). Consequently, we find no reason to disturb the Board's decision. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be [*3]lacking in merit.
Pritzker, Fisher and Powers, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent for, in my view, the incident as described by the majority should not in any civilized society be deemed part of "the normal work environment" of a transit bus operator. There is nothing "normal" about being victimized by such dangerous conduct. Since it is undisputed that claimant suffered from posttraumatic stress disorder as a result, the Board erred in disallowing her claim.
ORDERED that the decision is affirmed, without costs.