Matter of Wallace v New York City Sch. Support Servs., Inc. (2026 NY Slip Op 01574)

Matter of Wallace v New York City Sch. Support Servs., Inc.

2026 NY Slip Op 01574

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-24-1822
[*1]In the Matter of the Claim of Nicholas Wallace, Appellant,
vNew York City School Support Services, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 18, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Scott B. Anglehart of counsel), for New York City School Support Services, Inc. and another, respondents.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed October 1, 2024, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.
In October 2023, claimant, a handyperson and custodial worker, filed a claim for workers' compensation benefits alleging that he sustained work-related psychological injuries stemming from cleaning and working in unsanitary conditions, without personal protective equipment (hereinafter PPE), that existed at the migrant processing center where he worked. The employer and its workers' compensation carrier subsequently controverted the claim. Following a hearing at which claimant and a witness for the employer provided testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim for injuries consisting of adjustment disorder with mixed anxiety and depressed mood. Upon administrative review, the Workers' Compensation Board affirmed, finding that the stress that claimant experienced at work as a result of this alleged incident was not greater than that which similarly situated workers experience in the normal work environment. Claimant appeals.
We affirm. "Whether a compensable accident has occurred in the first instance is a question of fact to be resolved by the Board, and its determination in this regard will not be disturbed where supported by substantial evidence" (Matter of Flores v Wellwood Cemetery Assoc. Inc., 232 AD3d 1003, 1003 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). Although psychological and physical injuries are compensable to the same extent, neither is compensable unless the claimant satisfies the separate elements that the injury was "accidental" and that it "ar[ose] out of and in the course of employment" (Workers' Compensation Law § 2 [7]; see Workers' Compensation Law § 10 [1]; Matter of McLaurin v New York City Tr. Auth., ___ NY3d ___, ___, 2025 NY Slip Op 06529, *2 [Nov. 24, 2025]; Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d 1141, 1141 [3d Dept 2025], lv denied 43 NY3d 906 [2025]). "At the time of the Board's decision[ ], [an] emotional stress-induced psychological injury was considered accidental only if the claimant established that the stress they experienced in the workplace was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of McLaurin v New York City Tr. Auth., ___ NY3d at ___, 2025 NY Slip Op 06529, *2 [internal quotation marks and citations omitted]; see Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283 [3d Dept 2020]; Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [3d Dept 2017]).[FN1] "[W]hether an incident amounts to a workplace accident requires the Board to consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental, or whether the stressor [*2]was instead an unusual, unexpected or extraordinary part thereof and therefore accidental" (Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d at 1141-1142 [internal quotation marks, brackets and citations omitted]). "In reviewing the Board's credibility and factual determinations, it is not our role to substitute judgment for that of the Board, and the existence of some evidence that could support a contrary conclusion is, in itself, of no consequence" (id. at 1142 [citations omitted]).
The record reflects that approximately six months after claimant was promoted to the position of handyperson, the employer began gutting the building where claimant had worked to convert the facility into a migrant center and shelter for migrants seeking asylum. Once the building was converted, according to claimant, the sanitation situation deteriorated and there were also concerns about asbestos. Claimant described how there were also multiple arrests at the facility and police warnings of gang membership among the migrant population. According to claimant, he had no PPE, such as gloves or masks, and was exposed to unsanitary conditions as a result thereof. On May 15, 2023, claimant reported to his employer that he was under mental-health stress, not sleeping and was mentally unwell. Beginning on May 18, 2023, claimant called out sick for several consecutive days due to his alleged mental-health condition(s) and was later admitted to a hospital on or about May 26, 2023. Claimant was suspended and ultimately terminated due to the improper usage of sick time. During claimant's suspension, he sent multiple vulgar messages to his supervisor and other staff regarding the migrants and their morals and hygiene, referring to himself at one point as a Batman villain.
The employer's witness, a custodial engineer who had supervised claimant, testified that, once the migrant center was constructed and operational, claimant supervised others and cleaned eight to nine bathrooms every few hours. The witness explained that claimant worked alternating 12-hours shifts from approximately May 13, 2023 through May 18, 2023 and that migrants were not received at the facility until May 15, 2023. Contrary to claimant's testimony regarding the unavailability of PPE, the custodial engineer testified that PPE was available, including "all of the appropriate PPE supplies" such as gloves, masks and goggles, and that claimant tended not to follow his employer's instructions regarding using PPE. In view of the foregoing, including the fact that the relevant period of time was only a five-to-six-day period during which claimant experienced increased duties, the Board found the employer's witness to be more credible than claimant and found that there is no indication that claimant was under a greater amount of stress than other similarly situated workers performing similar duties in the facility. Accordingly, we find that substantial evidence supports the Board's determination that [*3]claimant failed to present credible evidence of stress or extraordinary exposure to unsanitary conditions greater than that experienced by other similarly situated workers in the normal work environment (see Matter of Waddy v Manhattan & Bronx Surface Tr. Auth., 234 AD3d at 1142-1143; Matter of Rivenburg v County of Albany, 187 AD3d at 1284; compare Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d at 1135-1137). To the extent that we have not addressed any of claimant's remaining contentions, they have been considered and found to be without merit.
Reynolds Fitzgerald, J.P., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: After the Board decided the administrative appeal in this matter, the Legislature amended the Workers' Compensation Law to provide that the Board "may not disallow a claim" for PTSD, acute stress disorder or major depressive disorder "upon a factual finding that the stress was not greater than that which usually occurs in the normal work environment" (Workers' Compensation Law § 10 [3] [c]; see Matter of McLaurin v New York City Tr. Auth., __ NY3d at __, 2025 NY Slip Op 06529, *2). Despite briefing occurring after the amendment, the litigants do not offer their views on whether "the newly amended language applies retroactively to the Board['s] decision[ ], which predate[s] the effective date of the legislation" (Matter of McLaurin v New York City Tr. Auth., __ NY3d at __, 2025 NY Slip Op 06529, *3).